UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket No. 1:22-cr-75 |
| v. ) | |
| ) | Judge Atchley |
| ANDRE BLOCKER JR. ) | Magistrate Judge Lee |

# MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE AT TRIAL

**COMES NOW** the Defendant, ANDRE BLOCKER JR., by and through counsel Samuel F. Robinson III and, pursuant to Federal Rules of Evidence ("FRE") 401, 403, and 404, moves the Court to exclude certain evidence at trial in the above-styled case. In support of the foregoing, the Defendant would show unto the Court the following:

### I. UNDERLYING FACTS

The facts that the government contends occurred in this case are as follows:

On February 9, 2022, Hamilton County Sheriff's Office Lieutenant Jamie Fields ("Officer Fields" observed a silver Ford Fusion driving recklessly on Glenwood Drive in Chattanooga, TN. Federal Bureau of Investigation Electronic Communication "Opening Case Request" dated 2/14/2022 at 1-2. Officer Fields initiated a traffic stop and the driver pulled over in the 800 block of Glenwood Avenue. *Id.* at 2. The driver, later identified as the Defendant, advised that he did not have any source of identification. *Id.* The driver was then asked to exit the vehicle at which time Officer Fields claims that the Defendant "reached for a firearm in the console area of the vehicle." *Id.* When Officer Fields attempted to take cover, the Defendant allegedly drove away at a high rate of speed. *Id.* Officer Fields then returned to his vehicle and pursued the Defendant. *Id.* The Defendant then proceeded right on North Chamberlain Street and

1

Case 1:22-cr-00075-CEA-SKL   Document 22   Filed 02/14/23   Page 1 of 9   PageID #: 51

then right onto Ocoee Street. *Id.* The suspect vehicle then hit a civilian vehicle causing injury to the driver. *Id.* Immediately upon striking the civilian vehicle, the Defendant then lost control of his vehicle and struck a brick column at a restaurant located at 2416 Ocoee Street. *Id.*

Upon crashing the vehicle, the Defendant then fled on foot and ran behind a nearby daycare center. *Id.* Law enforcement set up a perimeter and the Defendant was later arrested. *Id.* A firearm was recovered from the floorboard of the Defendant's vehicle at the time of the incident. *Id.*

At the time of the writers of the FBI Open Case Request, the writer was advised by other HCSO personnel that the Defendant was a validated and known member of the Gangster Disciples violent gang in the Chattanooga, TN area. *Id.* at 3. Additionally, HCSO personnel believed that the Defendant and/or his family members have close associations with various members of multiple sets of the Crips gang in Chattanooga, TN. *Id*.

On May 24, 2022, the Grand Jury returned an indictment against the Defendant charging him with 1 count of felon in possession of a firearm under 18 U.S.C. § 922(g).

## II.   THE DEFENDANT'S PRIOR CONVICTIONS

The Defendant has previously been convicted of the following:

**(a) Robbery**

On March 20, 2019, the Defendant was convicted of Robbery in the Knox County Criminal Court under docket number 115154. The Defendant was sentenced to 4 years in a judicial diversion agreement pursuant to Tennessee Code Annotated 40-35-313. Judgment later entered when the Defendant violated his diversion agreement.

(b) **Aggravated Assault**

On January 29, 2021, the Defendant was convicted of Aggravated Assault in the Hamilton County Criminal Court and sentenced to 4 years suspended on probation after service of 11 months and 29 days in jail. On July 14, 2021, the Defendant's probation was revoked and he was ordered to serve another 11 months and 29 days, then the remainder of the sentence was to be suspended on probation.

III.     LAW

**(a) Federal Rule of Evidence 401**

As the Court is aware, Federal Rule of Evidence 401 reads as follows:

Test for Relevant Evidence:

> Evidence is relevant if:
>
> > **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and
> >
> > **(b)** the fact is of consequence in determining the action.

**(b) Federal Rule of Evidence 403**

As the Court is aware, Federal Rule of Evidence 402 reads as follows:

Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

### (c) Federal Rule of Evidence 404

As the Court is aware, Federal Rule of Evidence 404 reads as follows:

<u>Rule 404. Character Evidence; Other Crimes, Wrongs, or Acts</u>

**(a) Character Evidence.**

    **(1)** *Prohibited Uses.* Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

    **(2)** *Exceptions for a Defendant or Victim in a Criminal Case.* The following exceptions apply in a criminal case:

        **(A)** a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it;

        **(B)** subject to the limitations in Rule 412, a defendant may offer evidence of an alleged victim's pertinent trait, and if the evidence is admitted, the prosecutor may:

            **(i)** offer evidence to rebut it; and

            **(ii)** offer evidence of the defendant's same trait; and

        **(C)** in a homicide case, the prosecutor may offer evidence of the alleged victim's trait of peacefulness to rebut evidence that the victim was the first aggressor.

    **(3)** *Exceptions for a Witness.* Evidence of a witness's character may be admitted under Rules 607, 608, and 609.

**(b) Other Crimes, Wrongs, or Acts.**

    **(1)** *Prohibited Uses.* Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

    **(2)** *Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

    **(3)** *Notice in a Criminal Case.* In a criminal case, the prosecutor must:

        **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

        **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

        **(C)** do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

## IV. APPLICATION AND PRAYER FOR RELIEF

Based upon the foregoing, the Defendant respectfully requests that this Court exclude the following:

1. Any and all evidence that the Defendant is a suspected member of the Gangster Disciples, or any criminal street gang, as such evidence is not relevant pursuant to FRE 401. In the alternative, any probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the Defendant, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence in violation of FRE 403. Additionally, pursuant to FRE 404, such evidence is an inadmissible character trait to show that he acted in conformity with such character trait on the date in question in this case.

2. Any and all evidence that the Defendant's family members have close associations with various members of multiple sets of the Crips gang in Chattanooga, TN, or any criminal street gang, as such evidence is not relevant pursuant to FRE 401. In the alternative, any probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the Defendant, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence in violation of FRE 403.

3. Any and all evidence about the Defendant's criminal history including, but not limited to, the Defendant's prior felony convictions which have resulted in him being disqualified from owning or possessing a firearm, as such evidence is not relevant pursuant to FRE 401. In the alternative, any probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the Defendant,

confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence in violation of FRE 403. Additionally, pursuant to FRE 404, such evidence is an inadmissible character trait to show that he acted in conformity with such character trait on the date in question in this case.

4. Any and all evidence that the Defendant hit another vehicle during flight and injured the other driver as such evidence is not relevant pursuant to FRE 401. In the alternative, any probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the Defendant, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence in violation of FRE 403. While precedent generally dictates that "the jury in a criminal case is entitled to know about the context of a crime and any events that help explain context[,]" *United States v. Mosby,* 101 F.3d 1278, 1282 (6th Cir., 1996) (quoting *United States v. Deangelo*, 13 F.3d 1232 (8th Cir., 1994)), this Court must also consider whether the "unfair prejudicial impact of the evidence substantially outweighs its probative value." *United States v. Clay,* 667 F.3d 689, 696 (6th Cir., 2012). In evaluating probative value, this Court must "consider whether there are alternative sources of proving the same facts." *Id*. at 698-697 (citation omitted). The danger of unfair prejudice and confusion of the jury by evidence that the Defendant hit another vehicle and injured the driver outweighs its potential probative value of the crime charged.

5. Any and all evidence that the Defendant crashed his vehicle into the column of a building as such evidence is not relevant pursuant to FRE 401. In the alternative, any probative value of such evidence is substantially outweighed by the danger of unfair

6

prejudice to the Defendant, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence in violation of FRE 403. While precedent generally dictates that "the jury in a criminal case is entitled to know about the context of a crime and any events that help explain context[,]" *United States v. Mosby,* 101 F.3d 1278, 1282 (6th Cir., 1996) (quoting *United States v. Deangelo*, 13 F.3d 1232 (8th Cir., 1994)), this Court must also consider whether the "unfair prejudicial impact of the evidence substantially outweighs its probative value." *United States v. Clay,* 667 F.3d 689, 696 (6th Cir., 2012). In evaluating probative value, this Court must "consider whether there are alternative sources of proving the same facts." *Id.* at 698-697 (citation omitted). The danger of unfair prejudice and confusion of the jury by evidence that the Defendant hit the column of a building, potentially endangering bystanders, outweighs its potential probative value of the crime charged.

6. Any and all evidence that the Defendant ran behind a daycare facility after crashing the vehicle he was driving as such evidence is not relevant pursuant to FRE 401. In the alternative, any probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the Defendant, confusion of the issues, and/or misleading the jury in violation of FRE 403. While precedent generally dictates that "the jury in a criminal case is entitled to know about the context of a crime and any events that help explain context[,]" *United States v. Mosby,* 101 F.3d 1278, 1282 (6th Cir., 1996) (quoting *United States v. Deangelo*, 13 F.3d 1232 (8th Cir., 1994)), this Court must also consider whether the "unfair prejudicial impact of the evidence substantially outweighs its probative value." *United States v. Clay,* 667 F.3d 689, 696

(6th Cir., 2012). In evaluating probative value, this Court must "consider whether there are alternative sources of proving the same facts." *Id*. at 698-697 (citation omitted). The danger of unfair prejudice and confusion of the jury by evidence that the Defendant ran behind a daycare facility, potentially endangering children and daycare staff, outweighs its potential probative value of the crime charged.

**WHEREFORE**, the Defendant respectfully requests that the Court exclude the evidence mentioned herein from the government's case-in-chief at the trial of this case.

Respectfully submitted,

**WOLFORD & ROBINSON PLLC**

By: _____
Samuel F. Robinson III
*Counsel for Defendant*
1700 McCallie Avenue
Chattanooga, TN  37404
(423) 622-6461
(423) 622-5925 (fax)

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 14, 2023, a copy of the foregoing motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: _____
             Samuel F. Robinson III